IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEFFREY ELMORE                                                                              PLAINTIFF
ADC # 091418

V.                            Case No. 4:24-CV-00110-LPR-BBM

CANTRELL BASS, Captain,
Maximum Security; JONATHAN BECK,
Sergeant, Maximum Security Unit;
and TINA DEAN, Business Manager,
Maximum Security Unit                                                                      DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.     BACKGROUND**

On February 7, 2024, Plaintiff Jeffrey Elmore ("Elmore"), an inmate at the Cummins Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights. (Doc. 2). Elmore also filed a Motion for Leave to Proceed *In Forma Pauperis*, which the Court granted. (Docs. 1, 4).

The Court conducted an initial screening of the Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and noted several deficiencies.[1] (Doc. 21). Elmore was given leave to file an Amended Complaint to address those deficiencies, but he has failed to do so. *Id.* Accordingly, the Court will proceed with screening.

## II.   ALLEGATIONS

Elmore sues ADC Maximum Security Unit Captain Cantrell Bass ("Bass"), Sergeant Johnathan Beck ("Beck"), and Business Manager Tina Dean ("Dean") (collectively "Defendants") in their personal and official capacities. (Doc. 2 at 1–2). Elmore's statement of claim reads:

> Defendant Cantrell Bass [falsified] state documents (ie) ISSR100 and 005 [Incident] Reports on April 14, 2023. Defendant wrote a disciplinary and falsified it by not telling the truth of what happened. Defendant Bass did not disclose Inmate Brandon Strenger attacking Plaintiff in the Maximum Security chow hall. Strenger [grabbed] Plaintiff by the [throat] lifting Plaintiff off floor while choking Plaintiff, then Strenger attacked Plaintiff again at the West metal detector by violently shoving Plaintiff from behind[] causing neck pain and two days [later bruises] were visible.
>
> Defendant Johnathon Beck failed to follow state policy and inventory my valuable personal property and seal and secure personal property that resulted in my valuable personal property being lost and or stolen.
>
> Defendant Tina Dean the Maximum Security Business Manager destroyed evidence/[exhibits] that was to be used in the recovery of my $150.00 Christmas package my aunt Doris Wilson [purchased] for Christmas. The evidence/[exhibit] was my union supply package [receipt].

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

*Id*. at 4–5. Elmore seeks damages. *Id*. at 6; (Doc. 14).

Elmore attached 120 pages of supporting documentation to his Complaint. (Doc. 2 at 7–126). The exhibits include, but are not limited to, disciplinary documents, grievances, and affidavits. *Id*. He filed additional exhibits which total more than 250 pages. (Docs. 5, 7, 8, and 10).

### III.   DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted). Liberally construing Elmore's Complaint, he fails to allege any plausible claims against the named Defendants.

#### A.   Official-Capacity Claims

Elmore sues Defendants in their personal and official capacities, seeking damages. (Doc. 2 at 2, 6; Doc. 14). "A suit against a government officer in his official capacity is

3

functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Elmore's official-capacity damages claims are the equivalent of claims against the state of Arkansas and are barred by the Eleventh Amendment. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989).

### B.   Personal-Capacity Claims

Elmore brings this action under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678.

#### 1.   Defendant Bass

Elmore alleges Bass issued a false disciplinary against him. (Doc. 2 at 4; Doc. 5 at 2–3). That allegation, without more, fails to state a claim on which relief may be granted. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).

#### 2.   Defendants Beck and Dean

Elmore asserts that the actions of Beck and Dean led to the loss of his personal property. In *Hudson v. Palmer*, the United States Supreme Court held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of

the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." 468 U.S. 517, 533 (1984). The Court of Appeals for the Eighth Circuit has recognized Arkansas's post-deprivation remedies for inmates asserting the wrongful taking of personal property: conversion and a motion under the Arkansas Rules of Criminal Procedure. *Butler v. Smith*, 208 F.3d 217 (8th Cir. 2000) (unpublished). "Conversion is a common-law tort action for the wrongful possession or disposition of another's property." *Hartness v. Nuckles*, 2015 Ark. 444, 9 (2015) (internal citations omitted). To state a conversion claim, a plaintiff must establish that "the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owner's rights." *Id*.

To the extent Elmore makes a § 1983 claim for the loss of his property, that claim fails because the State of Arkansas offers a meaningful post-deprivation remedy. Further, Elmore's allegation that Dean lost documents appears to sound in negligence. But "[m]ere negligence is not sufficient to support a cause of action under § 1983." *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993).

C. **Elmore's Exhibits**

As mentioned above, Elmore attached approximately 120 pages of supporting documents to his Complaint, along with over 250 pages of exhibits in various filings. (Docs. 2, 5, 7, 8, 10). A review of the additional 370-plus pages reveals a bevy of *unrelated* claims against a *multitude* of individuals that Elmore has not named as Defendants. As a *pro se* plaintiff, Elmore is not "excused from complying with procedural rules, including Federal Rule of Civil Procedure 8 . . . which requires *a short and plain* statement showing

the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished) (emphasis added). Elmore's Complaint with the exhibits, in their current form, fall short of Rule 8's requirements.

Further, a plaintiff may make multiple claims against a sole defendant. FED. R. CIV. P. 18. But if a plaintiff wants to sue multiple defendants bringing various claims, Rule 20 of the Federal Rules of Civil Procedure governs which defendants may be joined in a lawsuit. Rule 20 provides, in relevant part:

> **(a)(2) *Defendants.*** Persons…may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

If the right to relief does not arise out of the same transaction, occurrence, or series of transactions or occurrences, *and* no question of law or fact is common to all defendants, then the defendants are not properly joined in one lawsuit. As the Court interprets Elmore's allegations, many individuals would not be properly joined as Defendants in this action. Elmore may *not* proceed on all the varied claims he is attempting to bring in this action. He was ordered to choose whether he wanted to proceed on: (1) *unrelated* claims against a *single* defendant; or (2) *related* claims against *multiple* defendants. (Doc. 21 at 5). Despite

being given the opportunity, however, Elmore did not file an Amended Complaint. *Id*. at 6–7.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Elmore's Complaint, (Doc. 2), be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 23rd day of August, 2024.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE